**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gina Foroughi, | ) | No. CV-10-506-PHX-GMS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Wal-Mart Stores, Inc., | ) | |
| Defendant. | ) | |

    Five Motions are currently pending before the Court: (1) the Motion to Dismiss (Dkt. # 13) filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"); (2) the Motion to Set Case to Mediation (Dkt. # 19) filed by Plaintiff Gina Foroughi ("Plaintiff" or "Ms. Foroughi"); (3) the Motion to Strike Defendant's Motion to Dismiss (Dkt. # 20) filed by Ms. Foroughi; (4) Plaintiff's Motion to Remove Identifying Information (Dkt. # 22); and (5) the Motion in Limine (Dkt. # 23) filed by Ms. Foroughi. As set forth below, the Court grants Wal-Mart's Motion to Dismiss and denies Plaintiff's pending Motions as moot.

## BACKGROUND

    Ms. Foroughi was hired by Wal-Mart in May 2009 to fill a temporary position created by the expansion of an existing Wal-Mart store. (Dkt. # 1 at ¶ 1.) During her employment at Wal-Mart, Plaintiff alleges that she was subjected to harassment by her coworker, Glenn Sylvia. (*Id.* at ¶ 3.) According to Plaintiff, Mr. Sylvia made disparaging remarks about her and called her names. Specifically, Plaintiff alleges that Mr. Sylvia called her a "b***h,"

1  "idiot," and "slacker." (*Id.* at ¶ 3.) According to Ms. Foroughi, Mr. Sylvia directed these
2  comments toward her due to her "obvious intelligence" and because Plaintiff objected to his
3  demeaning remarks. (*Id.* at ¶ 10.) Plaintiff further alleges that she complained about Mr.
4  Sylvia's conduct to her supervisor, Jerry.[1] Despite these complaints, however, Mr. Sylvia's
5  conduct allegedly continued.

6  On August 12, 2009, upon completion of her temporary assignment, Ms. Foroughi
7  was informed that Wal-Mart no longer needed her services. (*Id.* at ¶ 13.) The next day,
8  Plaintiff drafted a letter to Store Manager, Michael Folkner, complaining of the alleged
9  treatment she received from Mr. Sylvia. (*Id.* at ¶¶ 18–19.) She further threatened to file a
10 formal complaint with the Equal Employment Opportunity Commission ("EEOC") if Wal-
11 Mart refused to offer her full-time employment. (*See* Dkt. 13, Ex. A.)[2] But while Wal-Mart
12 allegedly offered each individual in Plaintiff's work group full-time employment, the
13 Company did not make a similar offer to Ms. Foroughi. (*See* Dkt. # 1 at ¶ 12.)

14 After filing a complaint with the EEOC and receiving notice of her right to sue, Ms.
15 Foroughi initiated the instant action on March 4, 2010. In her Complaint, Plaintiff asserts
16 four claims against Wal-Mart: (1) defamation, (2) intentional infliction of emotional distress;
17 (3) negligent supervision; and (4) retaliation in violation of Title VII of the Civil Rights Act
18 of 1964, 42 U.S.C. § 2000e ("Title VII"). Wal-Mart now moves to dismiss each of these

---

[1] Plaintiff indicates in her Complaint that she does not know Jerry's surname.

[2] Because the August 14, 2009 letter is referenced extensively in Plaintiff's Complaint, the Court may consider it in resolving Wal-Mart's Motion to Dismiss. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that a documents outside of the pleadings may be considered if they are "referenced extensively" in the pleadings); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (holding that a district court may consider the "contents of the complaint" and "evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached").

claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

**LEGAL STANDARD**

To survive a dismissal for failure to state a claim under to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And while "[a]ll allegations of material fact are taken as true and construed in the light most favorable" to the non-moving party, *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996), "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (internal quotations marks omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

**DISCUSSION**

Applying these legal principles to the facts of this case, each of Ms. Foroughi's claims fails as a matter of law.

**I.  Defamation**

Ms. Foroughi fails to state a claim for defamation under Arizona law. In order to state a claim for defamation, a complainant must show the following: (1) that defendant made a false statement; (2) that the statement was published or communicated to someone other than plaintiff; and (3) that the statement tends to harm plaintiff's reputation. *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 341, 783 P.2d 781, 787 (1989). In considering these factors, obscenities, vulgarities, insults, epithets, name-calling, and other forms of verbal abuse are insufficient to raise a claim for defamation. *Flowers v. Carville*, 310 F.3d 1118, 1127 (9th

---

[3]To the extent that Plaintiff raises new allegations in her Response to Defendants Motion, those facts cannot serve as a basis for denying the Motion to Dismiss. *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)).

Cir. 2002) ("The law provides no redress for harsh name-calling."); *see also Turner v. Devlin*, 174 Ariz. 201, 207–08, 848 P.2d 286, 292–93 (1993) (statements of rhetorical hyperbole are not actionable); Rodney A. Smolla, *Law of Defamation* §§ 4.7, 4.8 (2d Ed. 2009) ("No matter how obnoxious, insulting, or tasteless such name-calling, it is regarded as a part of life for which the law of defamation affords no remedy.")

Plaintiff alleges that Mr. Sylvia called her a "b***h," "idiot," and "slacker." But, while such name-calling would obviously have been offensive to Ms. Foroughi, it does not give rise to a cause of action for defamation under Arizona law. Accordingly, Plaintiff's defamation claim is dismissed without prejudice.

## II. Intentional Infliction of Emotional Distress

Ms. Foroughi's claim for intentional infliction of emotional distress also fails. Under Arizona law, a plaintiff must satisfy three elements to prove intentional infliction of emotional distress: (1) defendant's conduct was "extreme and outrageous[;]" (2) defendant either intended to cause the emotional distress or recklessly disregarded the near certainty that such distress would result from its conduct; and (3) complainant suffered severe emotional distress as a result of the defendant's conduct. *Johnson v. McDonald*, 197 Ariz. 155, 160, 3 P.3d 1075, 1080 (Ct. App. 1999). To satisfy the first element of this inquiry, a plaintiff must show that the conduct was so "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (citation omitted); *see also Olive v. City of Scottsdale*, 969 F. Supp. 564, 577 (D. Ariz. 1996) ("The conduct required to support a cause of action for infliction of emotional distress 'falls at the very extreme edge of the spectrum of possible conduct.'").

According to the Complaint, Wal-Mart intentionally inflicted emotional distress on Plaintiff because the Company did not respond promptly to her complaints about Mr. Sylvia's offensive conduct and name-calling. Nonetheless, Wal-Mart's alleged failure to address Mr. Sylvia's conduct does not rise to the level of "extreme and outrageous" conduct necessary to state a claim for intentional infliction of emotional distress. *See Johnson*, 197

Ariz. at 160; 3 P.3d at 1080; *see also Mockler v. Multnomah County*, 140 F.3d 808, 814 (9th Cir. 1998) (noting that a name-calling incident was insufficient to give rise to a claim for intentional infliction of emotional distress); *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1388 (10th Cir. 1991) (holding that employer did not commit intentional infliction of emotional distress when it called an employee derogatory names and accused him of criminal conduct). Plaintiff's intentional infliction of emotional distress claim, therefore, is dismissed without prejudice.

### III. Negligent Supervision

Ms. Foroughi's negligent supervision claim fails as a matter of law. Under Arizona law, claims for negligent supervision against an employer are barred because Arizona's Workers' Compensation Statute is the exclusive remedy for any injury suffered by an employee due to an employer's alleged negligence. *See Irvin Investors, Inc. v. Superior Court*, 166 Ariz. 113, 114–115, 800 P.2d 979, 980–81 (Ct. App. 1990) (dismissing claim for negligent supervision where a plaintiff alleged that she suffered psychological injuries as a result of being sexually molested by a co-worker); *see also Mosakowski v. PSS World Med., Inc.*, 329 F. Supp.2d 1112, 1131 (D. Ariz. 2003) (dismissing a claim for negligent supervision where an employer allegedly failed to protect an employee from harassment by co-workers). Accordingly, Plaintiff's claim for negligent supervision is dismissed with prejudice.

### IV. Retaliation in Violation of Title VII

Ms. Foroughi's claim that Wal-Mart retaliated against her by failing to offer her a full-time position also fails. To allege a prima facie case of retaliation, a plaintiff must show (1) that he or she engaged in protected activity, (2) a materially adverse action, and (3) a causal connection between the two. *See Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1108 (9th Cir. 2008). At this stage in the litigation, the causal link is construed broadly; a plaintiff must merely allege "that the protected activity and the negative employment action are not completely unrelated." *See Poland v. Chertoff*, 494 F.3d 1174, 1181 n. 2 (9th Cir. 2007).

In this case, Plaintiff does not adequately allege a causal link between her complaints

about Mr. Sylvia's conduct and Wal-Mart's decision to terminate her temporary employment. "Essential to the causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity." *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) (citing *Gunther v. County of Wash.*, 623 F.2d 1303, 1314 (9th Cir. 1979)). While Plaintiff does contend that "Jerry" was aware of her complaints regarding Mr. Sylvia's alleged harassment, she does not allege facts suggesting that "Jerry" was the individual who decided not to renew her employment or that "Jerry" shared her complaints with the relevant decision makers. Moreover, while Plaintiff did notify the store manager of Mr. Sylvia's conduct, Plaintiff's letter to management indicates that she did not do so until *after* Wal-Mart notified her that her services were no longer necessary. (*See* Dkt. # 13 at Ex. A.) Because Plaintiff has not alleged any facts with respect to this essential element of her Title VII claim, that claim is dismissed without prejudice.

## CONCLUSION

Having concluded that Ms. Foroughi's claims fail in light of Federal Rule of Civil Procedure 12(b)(6), Plaintiff's claims are dismissed.[4]

**IT IS THEREFORE ORDERED:**

(1) Wal-Mart's Motion to Dismiss (Dkt. # 13) is **GRANTED**;

(2) Ms. Foroughi's Complaint (Dkt. # 1) is **DISMISSED** without prejudice, except that her claim for negligent supervision is dismissed with prejudice;

(3) Ms. Foroughi's Motion to Set Case to Mediation (Dkt. # 19) is **DENIED** as moot;

(4) Ms. Foroughi's Motion to Strike Defendant's Motion to Dismiss (Dkt. # 20) is **DENIED** as moot;

(5) Ms. Foroughi's Motion to Remove Identifying Information (Dkt. # 22) is **DENIED** as moot;

---

[4]In its Reply Memorandum, Wal-Mart indicates that Plaintiff has been involved in numerous recent lawsuits in Maricopa County. (Dkt. # 18, Tab #1.) Because this information is irrelevant to the case at hand, the Court has not considered it in this Order. Accordingly, this potentially prejudicial information is further ordered to be stricken from the record.

(6) Ms. Foroughi's Motion in Limine (Dkt. # 23) is **DENIED** as moot;

(7) The Clerk of the Court is directed to **STRIKE** "Exhibit Tab 1" from Wal-Mart's Reply to the Motion to Dismiss (*See* Dkt. # 18, Ex. Tab 1.), and further directed to **TERMINATE** this matter without prejudice.

DATED this 2nd day of June, 2010.

*[signature]*
G. Murray Snow
United States District Judge